**STATE of Missouri ex rel. TRANSPORT DE-LIVERY COMPANY, and John Groner Motor Carrier, Inc., Appellants,**

**v.**

**PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent,**

**W. M. Kersting, Intervenor.**

**No. 24020.**

Kansas City Court of Appeals.

Missouri.

Oct. 5, 1964.

Hendren & Andrae, John H. Hendren and John E. Burruss, Jr., Jefferson City, for appellant Transport Delivery Co.

Rozier, Carson, Inglish, Nacy & Monaco, George A. Rozier, Jefferson City, for appellant John Groner Motor Carrier, Inc.

Glenn D. Evans, Thomas J. Downey, Herman W. Huber, Jefferson City, for intervenor.

BROADDUS, Presiding Judge.

This case originated with a complaint filed by Appellants under Section 386.390 RSMo 1959, V.A.M.S., against Intervenor, W. M. Kersting, before Respondent, Public Service Commission. After hearing, the Commission entered its Order dismissing said complaint. Thereafter, the case was appealed by Writ of Review to the Circuit Court of Cole County, which affirmed the Respondent's Order. Thereafter, an appeal was taken to this court.

Appellants, Transport Delivery Company and John Groner Motor Carrier, Inc., are motor common carriers of petroleum and petroleum products, holding authority from Respondent, Public Service Commission to transport such commodities in bulk, in tank vehicles. Appellant, Transport Delivery Company, holds its authority from the Commission under Certificate of Public Convenience and Necessity No. T–9110. Appellant, John Groner Motor Carrier, Inc., holds its authority under Certificate No. T–11258.

The Certificate of Appellant, Transport Delivery Company, authorizes it to transport petroleum and petroleum products in bulk in tank vehicles from the terminal near Mexico, Missouri, known as the Sinclair Petroleum Products Terminal to all points and places within an area consisting of approximately the eastern three-fourths of the State of Missouri.

Appellant, John Groner Motor Carrier, Inc., is authorized under its Certificate to transport petroleum and petroleum products in bulk in tank vehicles from the terminal near Mexico, Missouri, described above, to all points in this State.

In addition both carriers hold authority from Respondent under their respective Certificates to transport petroleum and petroleum products in bulk in tank vehicles from various other terminals throughout the State of Missouri to points in the State, including in some instances the town of Aux-vasse, Missouri, and points and places within 15 miles thereof.

Appellant, John Groner Motor Carrier, Inc., has been in the business of transporting petroleum and petroleum products in bulk in tank vehicles under the regulation of Respondent since May 1942. Its authority from the Sinclair Petroleum Products Terminal near Mexico was granted by an Order of Respondent Commission, which was effective August 31, 1957.

Appellant, Transport Delivery Company, or its President, E. R. Minshall, Jr., has been engaged in the transportation of petroleum and petroleum products in bulk in tank vehicles since 1936. The Company's authority from the Sinclair Petroleum Products Terminal near Mexico, was obtain in 1940 by E. R. Minshall, Jr., and was transferred to the Company by Respondent's Order in Case No. 12,651, on January 6, 1956.

Intervenor, W. M. Kersting, is presently the holder of Certificate of Public Convenience and Necessity No. T–254, which was originally granted by Respondent Commission, to one Wilbur Stanley Foster on October 21, 1932. Certificate No. T–254 was what is sometimes referred to as a "grandfather" clause of the Missouri Bus and Truck Law, Section 5277, p. 315, Laws of Mo. 1931. (Section 5733, R.S.Mo. 1939). The authority as stated in the Commission's Order of October 21, 1932, was as follows:

"That Certificate of Convenience and Necessity No. T–254 be and the same is hereby issued to Wilbur Stanley Foster of Auxvasse, Missouri, for authority to operate as a freight-carrying motor carrier over an irregular route as follows: Regular—Auxvasse over U. S. State Highway No. 54 to Junction with U. S. State Highway No. 40; thence over U. S. State Highway No. 40 to St. Louis and return with authority to pick up and discharge property at Auxvasse and St. Louis and no intermediate points. Irregular—Trade territory contiguous to Auxvasse, and from that

territory to all points in Missouri and from all points in Missouri to that territory; subject to the limitations contained in the Missouri Bus and Truck Law of 1931 concerning the operation of a motor truck as a common carrier for hire over an irregular route."

For a period of approximately two years prior to obtaining the Certificate mentioned above, Mr. Foster engaged in the transportation of freight by motor vehicle. During that time he was hauling cattle from Auxvasse, Missouri, to St. Louis, Missouri, and dry freight from St. Louis to Auxvasse upon the return trip. He did not engage in the transportation of petroleum products in bulk and did not own or operate any equipment suitable to the performance of that service. Mr. Foster did haul some oil in barrels during the two year period prior to October 21, 1932.

By Order of Respondent, Commission, dated May 4, 1945, in Case No. T–9116 the authority held by Mr. Foster under Certificate No. T–254 was transferred to one J. T. Willis. During the time Mr. Willis held Certificate No. T–254, the authority was clarified by restatement thereof. On August 21, 1950, Respondent, Commission, entered its Order restating the authority so that it read as follows:

"Between Auxvasse, Missouri, and points and places in Audrain, Boone and Callaway Counties, Missouri, except Mexico and Fulton, within 15 miles of Auxvasse, on the one hand, and all points in Missouri, on the other hand, subject to the limitations contained in Section 5723 R.S.Mo.1939, prohibiting irregular route operations between points on the regular route of an authorized motor carrier."

Thereafter, Mr. Willis transferred the authority held under Certificate No. T–254 to Intervenor, W. M. Kersting. The transfer was facilitated by Respondent's Order dated December 11, 1959, in Case No. T–18,942.

Neither of Intervenor, Kersting's predecessors, as holders of Certificate No. T–254, engaged in the transportation of petroleum products in bulk in tank vehicles, nor did they offer such service to the public. Both Mr. Foster and Mr. Willis engaged primarily in the transportation of livestock to St. Louis, Missouri and dry freight upon the return trip to Auxvasse, Missouri. To a limited extent Mr. Foster, the original holder of the Certificate and Mr. Willis, his successor, transported oil in barrels, but they never transported any gasoline or other petroleum products in bulk, and never owned or operated motor vehicle equipment suitable for the transportation of petroleum products in bulk.

On February 8, 1962, Intervenor, Kersting, filed a tariff with Respondent which was specifically applicable to the transportation of petroleum and petroleum products in bulk. Prior to the filing of such tariff by Mr. Kersting, no special commodity tariff applicable to the transportation of petroleum or petroleum products in bulk had been filed by Mr. Foster, Mr. Willis or Mr. Kersting. After filing the tariff applicable to petroleum and petroleum products in bulk, Intervenor, Kersting, acquired some tank vehicles to use in the transportation of those commodities, and began soliciting business. Specifically, Mr. Kersting has solicited business from the Sinclair Petroleum Products Terminal near Mexico.

On April 18, 1962, Appellants filed a Complaint before Respondent against Intervenor, alleging in effect that Intervenor's proposed operations in the transportation of petroleum and petroleum products in bulk were in excess of and beyond the scope of the authority held by Intervenor under Certificate No. T–254.

On April 19, 1962, Respondent entered its Order requiring Intervenor, Kersting, to satisfy or answer the complaint. Intervenor filed an "Answer and Motion to Dismiss" on April 27, 1962. The case was set for hearing and was heard by Respondent,

on June 21, 1962. The Respondent, Commission, issued its Report and Order dismissing the Complaint on December 17, 1962. Thereafter, Appellants filed "Motion for Rehearing", which was denied by Order of the Commission dated April 5, 1963.

On March 4, 1963, Appellants filed their Petition for Writ of Review in the Circuit Court of Cole County. On the same date the Circuit Court of Cole County issued its Writ of Review directed to Respondent. The Circuit Court of Cole County heard the case on June 20, 1963. The Court entered its Order affirming the Order of Respondent in all respects on June 25, 1963.

■ Appellants contend that the circuit court erred in affirming the Order of the Commission in that the authority originally granted by Respondent, Commission, under Certificate No. T–254 did not include authority to transport petroleum products in bulk because the authority was granted under the "grandfather" clause of the Missouri Bus and Truck Law, Sect. 5733, R.S. Mo.1939, and the applicant Foster did not transport petroleum products in bulk on or before the date established by the statute.

A certificate of public convenience and necessity issued to a common carrier by motor vehicle under Section 390.051 RSMo 1959, V.A.M.S., or as transferred under the provisions of Section 390.111 RSMo 1959, V.A.M.S., which is applicable in this case, authorizing the transportation of property generally without restriction or exception as to commodities or facilities, as defined in Section 390.020(5) RSMo 1959, V.A.M.S., authorizes the transportation of any commodity capable of being moved by motor vehicle for which a common carrier has equipment to handle and for which appropriate rates are on file and approved, as in this instance.

■ The Respondent's interpretation of a "property" or "general commodity" certificate held by a common carrier by motor vehicle is clearly set forth in Re Bernskoetter, 6 Mo.P.C.S. (N.S.) 117, 1. c. 120:

Over the years the Commission has issued two general types of certificate of convenience and necessity, one of which is a specialized certificate, the service authorized thereby requiring special equipment specially trained employees and special handling of the commodities transported. Such a certificate specifically names the commodities to be transported and before it is granted it must be established to the Commission's satisfaction that the movement of the commodity or commodities named is such as require the specialized handling, equipment, etc.. Specialized certificates have been issued authorizing the transportation of petroleum products in bulk, liquid petroleum gases, uncrated household and office furniture, livestock, liquids. and chemicals of various descriptions which are transported in bulk, explosives, developed motion picture film, heavy machinery and equipment, motor vehicles, fresh meats and packing house products requiring refrigeration, etc.

"The other type of certificate issued by this Commission is designated as a 'general commodity' certificate, and it authorizes the transportation of *any* commodity capable of being moved by motor vehicle. The commodities authorized to be transported are not specifically named, and the certificate is intended primarily to authorize the transportation of the usual run of merchandise hauled by motor truck, sometimes called 'dry freight'. However, under current interpretation of such a certificate, it authorizes the carrier to conduct various specialized services, if it so chooses and files appropriate tariffs." (Emphasis ours.)

It should be noted that the Appellant, Transport Delivery Company, was a party to that proceeding and did not challenge or appeal the Commission's interpretation

of a "general commodity" or "property" ·certificate. See also, Re Schein Truck Lines, Inc., et al., 5 Mo.P.S.C. (N.S.) 160, l. c. 163, where the Respondent Commission ·clearly states that the right of a carrier to transport "property" includes the right to render specialized service as well.

Numerous cases of other general commodity carriers having obtained specialized equipment and filing tariffs for specialized transportation services are contained in the record made before the Commission.

It is clear that Intervenor is in compliance with the law, owns and operates the necessary specialized equipment and has on file and in force an approved tariff setting forth rates and charges as required.

In harmony with the Respondent Commission's interpretation of a general commodity or property certificate is the interpretation of such a certificate by the Interstate Commerce Commission, in a case squarely in point with this proceeding. See, Coastal Tank Lines, Inc., et al., v. Charlton Bros. Transportation Company, Inc., No. MC–C–870, decided by the Interstate Commerce Commission on June 4, 1948, and reported in 7 Federal Carrier Cases, 31,512.05. On appeal the Commission was affirmed by the U. S. District Court, District of Columbia, February 10, 1953. See Coastal Tank Lines, Inc., et al., v. U. S. of America, et al., 9 Federal Carrier Cases 80,838.

Appellants do not cite or distinguish the above cases but resort to a host of cases involving many matters not germane or applicable. The contention lacks merit.

■ Appellants also contend that the trial court erred in affirming the Commission's Order dismissing their complaint because Kersting and his predecessors abandoned any possible authority they ever had by virtue of Certificate T–254 to haul bulk petroleum products. This contention also lacks merit. There was no showing that Intervenor Kersting or his predecessors ever abandoned the authority. On the contrary,

the authority has been continuously exercised and in good standing with the Commission. The Certificate has never been dormant.

We fully agree with the following which appears in the Commission's "Report and Order":

"This case can be summed up as follows: A general commodity Certificate authorizes the transportation of any commodity capable of being moved by motor vehicle without specifically naming such commodities, and the holder of such a Certificate may conduct the various component specialized services, if he so chooses and files appropriate rates."

The judgment of the circuit court sustaining the Order of the Commission should be affirmed. It is so ordered.

All concur.